**UNITED STATES of America,
Appellee,**

v.

**Kenneth Howard McGINNIS, Appellant.
No. 11313.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1967.

Decided Nov. 2, 1967.

---

---

Ernest S. DeLaney, Jr., Charlotte, N. C., (Court-appointed counsel) for appellant.

Wm. Medford, U. S. Atty., (William M. Styles, Asst. U. S. Atty., on brief) for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Defendant Kenneth Howard McGinnis was arrested for transporting a stolen motor vehicle in interstate commerce. His trial was set for April 6, 1966, but on April 4 it was brought to the attention of the trial judge that McGinnis' retained lawyer had withdrawn from the case and he could not afford to employ new counsel. After being fully apprised of his rights, the defendant voluntarily declined court-appointed counsel, executed a waiver in open court, and expressed a desire to defend himself. The following day, he was returned to the courtroom and informed that, notwithstanding his earlier waiver, the trial judge was prepared to appoint counsel for him because the charge was a serious one. When the Judge suggested a local attorney the defendant indicated a preference for another lawyer who was then present in the courtroom and his request was granted.

On the morning of the 6th, three telephone calls were made by unidentified women to the jailer advising him that the defendant either had committed suicide or was about to do so. In response to each call, the sheriff went to McGinnis' cell, and on one occasion observed the defendant stagger. A similar observation was made by the Deputy United States Marshal who had come to bring the defendant to trial. At some point that morning—the precise sequence of events is somewhat cloudy—McGinnis told the Assistant United States Attorney that he was under the influence of "whammies."

A doctor was accordingly summoned to observe the defendant and determine whether he was in condition to stand trial. After a brief examination, the doctor reported that McGinnis appeared normal, and the defendant was taken to the courtroom. Before the commencement of the trial the counsel, who had been appointed for the defendant the preceding day, expressed a desire to withdraw from the case; and upon questioning from the bench the defendant indicated that this met with his approval and that he would try the case himself. The trial began that afternoon and the jury returned a verdict of guilty.

McGinnis filed an appeal, but on the advice of counsel designated by the Court of Appeals the appeal was withdrawn and a Motion for a New Trial was lodged with the District Court. It was the defendant's contention that by reason of his consumption of certain drugs while in jail he was in such a mental state that on the morning of the trial he was neither competent to stand trial nor to make an effective waiver of his right to counsel. After a full hearing, the motion was denied and the defendant appealed.

This court finds no merit in appellant's contention. The test for determining the competency of a defendant to stand trial, as stated by the Supreme Court, is "whether [the defendant] has a rational as well as factual

understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The record fully supports the trial judge's conclusion that the defendant was cognizant of the charge against him. Moreover, those who observed the defendant during the trial, including the trial judge, were unanimous in noting that he appeared normal, both physically and mentally. The transcript of the court proceedings evidences considerable acuity on the defendant's part in cross-examining the government's witnesses. All of this supports the testimony of the doctor who examined the defendant shortly before the opening of the trial.

The record is also replete with evidence discrediting the defendant's claim that his was not a voluntary waiver of the right to counsel. On three different occasions the court informed McGinnis of his right and offered to assign him counsel. The issue of defendant's competence to waive counsel is closely linked to the issue of his competence to stand trial, and for the reasons stated above, we conclude that there was a voluntary and understanding waiver.

Affirmed.